UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: ) Case No. 04-21226
)
ALAN HOPES, ) Chapter 7
LINDA HOPES, )
) Judge Arthur I. Harris
Debtors. )

## MEMORANDUM OF OPINION

On June 6, 2005, the Court held an evidentiary hearing regarding the trustee's objection to the claim of Floor Tech Enterprises (Floor Tech) (Docket #26) and Floor Tech's response (Docket #29). The Court allowed for supplemental briefing and then took the matter under advisement on June 20, 2005. The trustee objects to Floor Tech's claim because it appears to be a claim against the debtor Alan Hopes's business, and the trustee argues that any personal guarantee by the debtor is not enforceable under Ohio law. This Court overrules the trustee's objection, finding that debtor's oral, collateral promise to pay a debt owed by his corporation to a subcontractor is enforceable because it falls within the "leading object" exception to OHIO REV. CODE § 1335.05.

## JURISDICTION

The Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by

the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) & (J).

DISCUSSION

Floor Tech filed a proof of claim for $8,222.98. Attached to the proof of claim are several invoices indicating that Floor Tech did the work for Freedom Flooring Inc. Debtors' schedules indicate that Alan Hopes was affiliated with Freedom Flooring from 1995 to August of 2004. Nothing in the record indicates that Freedom Flooring is merely Alan Hopes's alter ego and subject to veil piercing. The Court will treat Freedom Flooring as a corporate entity separate and distinct from the Alan Hopes. Thus, Floor Tech's proof of claim, with its attached documentation, indicates that the debt of $8,222.98 is owed by Freedom Flooring and not by the debtor Alan Hopes.

Floor Tech, however, alleges that debtor Alan Hopes said he would "personally make sure" Floor Tech was paid for the overdue invoices. Floor Tech's president, Steven Slivka, provided an affidavit (Docket #40) stating, "I talked with Alan many times via phone calls attempting to get my money, and I was told by Alan to be patient. Alan promised me that if I didn't place a mechanic's lien on the property of the unpaid work, he would personally make sure I received payment for the overdue invoices." The trustee, however, argues,

2

citing Ohio statute, that a personal guarantee must be in writing to be enforceable. Whether debtor's oral promise to personally guarantee Freedom Flooring's debts to Floor Tech is enforceable is the main issue before this court.

OHIO REV. CODE § 1335.05 provides:

> No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; . . . unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

Ohio case law outlines the purpose of the statute:

> The object of the statute undoubtedly was to secure the highest and most satisfactory species of evidence in cases where parties, without apparent benefit to themselves, enter into stipulations of suretyship; and where there would be great temptation on the part of creditors, in danger of losing their debts by the insolvency of their debtors, to support suits by means of false evidence, by coloring conversations and exaggerating words of commendation or expressions of encouragement into positive contracts.

*Crawford v. Edison*, 45 Ohio St. 239, 245, 13 N.E. 80, 82 (1887). Based on the purposes behind Section 1335.05, Ohio case law has developed several exceptions to the requirement that a guarantee be made in writing:

> Thus, when the promise is not a promise to answer for the debt of another, or when the promisor may expect to derive a benefit from his promise, the rationale behind the statute requiring a writing ceases to exist. As the Ohio Supreme Court explained, a court may employ either of these two tests in determining whether the action is barred by R.C. 1335.05: it may consider whether the promisor's promise is original and the promisor

3

becomes primarily liable for the debt; and, if the promise is a collateral promise, the court may consider whether the promisor's leading object in making the promise was to promote his own interests. *Wilson Floors Co. v. Sciota Park, Ltd.*, 54 Ohio St.2d 451, 458-459, 377 N.E.2d 514 (1978).

*Builder Appliance Supply, Inc. v. Hughes*, 13 Ohio App.3d 207, 209, 468 N.E.2d 758, 760-61 (1983). This case implicates the second exception: a collateral promise where the promisor's "leading object" in making the promise is to promote his own interests. *See also* RESTATEMENT (SECOND) OF CONTRACTS § 116 (1981):

> A contract that all or part of a duty of a third person to the promisee shall be satisfied is not within the Statute of Frauds as a promise to answer for the duty of another if the consideration for the promise is in fact or apparently desired by the promisor mainly for his own economic advantage, rather than in order to benefit the third person. . . .

**Comment:**

> *a. Rationale.* This Section states what is often called the "main purpose" or "leading object" rule. Where the surety-promisor's main purpose is his own pecuniary or business advantage, the gratuitous or sentimental element often present in suretyship is eliminated, the likelihood of disproportion in the values exchanged between promisor and promisee is reduced, and the commercial context commonly provides evidentiary safeguards. Thus there is less need for cautionary or evidentiary formality than in other cases of suretyship. The situation is comparable to a sale or purchase of a third person's obligation, which is also outside the purposes of the suretyship provision of the Statute of Frauds.

The trustee has provided no evidence to contradict the affidavit from Slivka indicating that an oral promise was made. Therefore, the only issue before this

4

court is whether the oral promise is barred by Section 1335.05 or fits within the second exception to that statute because the leading object or main purpose of debtor's promise was to promote his own interests.

The Court finds, by a preponderance of the evidence, debtor offered his promise to Slivka and Floor Tech for the main purpose of promoting his own pecuniary interests, and his promise is enforceable as an exception to Section 1335.05. The debtors' schedules and Slivka's affidavit indicate that debtor Alan Hopes utilized Freedom Floor as the legal entity through which he performed work as a general contractor. The uncontested facts indicate that Alan Hopes promised he would pay Slivka, and in return Slivka promised he would not place a mechanics lien on the home. Keeping the mechanic's lien off of the property's title allowed debtor to sell the home and get paid. Debtor was acting in his own interest and seeking his own benefits, namely a clean and marketable title on the property, when he made his collateral promise to Slivka. This scenario parallels an example found in the Restatement:

> C, a bank, discounts negotiable promissory notes of D, a corporation. D becomes financially involved. An official bank examiner threatens to close the bank on account of the impairment of its assets because of the loans to D. S, a shareholder of the bank, in consideration of forbearance by the examiner, orally promises the bank that if D fails to pay the note, he will do so. The promise of S is enforceable.

5

RESTATEMENT (SECOND) OF CONTRACTS § 116 illus. 4 (1981). *See also In re Pi*, 239 B.R. 778, 783 (Bankr. S.D. Ohio 1999) (listing several factors for determining when oral guarantee of corporate debt should be enforceable under leading object test – whether the promisor holds an office or ownership interest in the corporation or receives a salary from the corporation); *Wilson Floors Co.*, 54 Ohio St.2d at 460, 377 N.E.2d at 519 (holding that statute of frauds did not bar subcontractor from enforcing construction lender's oral promise to pay debts of general contractor because lender "made its guarantee . . . to subserve its own business interest of reducing costs to complete the project"); *Crawford*, 45 Ohio St. at 244-47, 13 N.E. at 82-84 (enforcing homeowners' oral guarantee of general contractor's debt to subcontractor because owners had personal business interest to "secure to themselves the benefit of having their house completed"); *Sebaly, Shillito & Dyer v. Bakers Equip./Wholesaler, Inc.*, 73 Ohio App.3d 491, 494-95, 597 N.E.2d 1144, 1147 (1991) (explaining that promisor was officer and sole shareholder of company and was owed substantial money by company and therefore his oral guarantee of corporate debt was outside statute of frauds); *Hughes v. Miner*, 15 Ohio App.3d 141, 142, 473 N.E.2d 53, 55 (1984) ("An oral promise to pay the debt of a corporation, by one who owns substantially all the stock in that corporation, is not within the statute of frauds."); *Builder Appliance*

*Supply, Inc.*, 13 Ohio App.3d at 210, 468 N.E.2d at 762 (concluding that record was insufficient to support trial court's finding of leading object exception because no indication whether president of corporation, who made oral promise to pay corporation debt, received salary from corporation or had shareholder or other pecuniary interest); *Tex. Co. v. Seaboard Nat'l Bank*, 26 Ohio App. 104, 107, 159 N.E. 842, 843 (1926) (enforcing president/principal shareholder's oral guarantee of his company's debt because president/principal shareholder was "attempting to protect himself against any action that might [interfere with his company] . . . .").

The trustee cites *Trans-Gear, Inc. v. Lichtenberger*, 128 Ohio App.3d 504, 715 N.E.2d 608 (1998), for the proposition that debtor's promise was a collateral promise, not an original promise, but the trustee's argument does not even address the leading object exception. Moreover, *Lichtenberger* is distinguishable on its facts. In *Lichtenberger* an employee-dispatcher of a trucking company allegedly promised to pay the debt of an owner-operator under contract with the dispatcher's employer. *Id.* at 609-10. The court in *Lichtenberger* concluded there was no evidence to show any benefit that would accrue to the employee by orally guaranteeing the repair bill of a third-party owner-operator under contract with his employer. *Id.* at 612-13.

04-21226-aih    Doc 44    FILED 07/20/05    ENTERED 07/20/05 14:55:22    Page 7 of 8

## CONCLUSION

Debtor Alan Hopes's oral, collateral promise to pay a debt owed by his corporation to a subcontractor is enforceable because it falls within the "leading object" exception to OHIO REV. CODE § 1335.05. Therefore, the trustee's objection to the claim of Floor Tech (Docket #26) is overruled.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge